UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDIS COMPANY
1800 Renaissance Blvd.
Sturtevant, Wisconsin 53177,   Case No.

    Plaintiff,
vs.

YESH MUSIC LLC
15 Middleton Road
Garden City, New York 11530,

    Defendant.

## COMPLAINT

This is a Complaint seeking a declaratory judgment of non-infringement. Defendant, Yesh Music LLC ("Yesh") has accused Plaintiff, Andis Company ("Andis") of infringing a copyright purportedly owned, at least beneficially, by Yesh. Andis denies Yesh's accusations and has a reasonable apprehension of litigation being commenced by Yesh in light of communications from Yesh's counsel.

**Parties, Jurisdiction, and Venue**

1. Andis is a Wisconsin corporation with its principal place of business at 1800 Renaissance Blvd., Sturtevant, Wisconsin, 53177. For over 95 years, Andis has manufactured and sold a wide variety of human and animal grooming products such as hair clippers and trimmers, hair dryers, curling and flat irons, and animal grooming tools.

2. Upon information and belief, Yesh is a New York limited liability company located at 15 Middleton Road, Garden City, New York, 11530. Upon further information and belief, Yesh is engaged in the business of music publishing, licensing and otherwise commercially exploiting the musical works and sound recordings of the musical artist The

American Dollar and its members John Keith Emanuele ("Emanuele") and Richard Thomas Cupolo ("Cupolo").

3. Upon information and belief, the sole members of Yesh are Cupolo and Emanuele, who are also the members of The American Dollar.

4. Upon information and belief, Yesh is or purports to be the beneficial owner of multiple copyrighted works, and licenses those works for use in nationwide television commercials, nationally-released movies, and television shows. Upon further information and belief, Yesh also sells CDs, phonorecords, and digital downloads containing the copyrighted works and sells and provides works through streaming platforms.

5. Upon information and belief, copyrighted works owned by Yesh are streamed and distributed in Wisconsin via various platforms and streaming services, are downloaded by persons or entities in Wisconsin, are performed in Wisconsin, and are licensed by Yesh to parties in Wisconsin, including in this district, to synchronize their works in programs and advertisements distributed and displayed throughout Wisconsin and this district.

6. Upon information and belief, Yesh has created and operates a licensing and enforcement program by which it licenses copyrighted works, including the work at issue in this case, to customers in Wisconsin, including in this district and enforces its rights against parties in Wisconsin, including in this district.

7. Yesh, through its counsel, has communicated directly with Andis and Andis' counsel with regard to enforcement of a copyrighted recording entitled *The Slow Wait Part 2* and identified as U.S. Copyright Registration No. SR 713-280 (the "Work"). A copy of a letter addressed to Andis and one of its independent authorized distributors is attached as Exhibit A.

2

8. Subsequently, Yesh's counsel communicated with Andis through Andis' counsel. Copies of these communications are attached as Exhibits B, C, D, and E. As shown in Exhibits C and E, emails from Yesh's counsel explicitly threaten to commence litigation against Andis.

9. This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. §§1331, 1338(a), 2201(a), and 2202. An actual controversy exists regarding the validity of the Work and infringement thereof by Andis, as well as the alleged violation of the Digital Millennium Copyright Act, 17 U.S.C. §1202 (b)(1-3) ("DMCA") as documented in Exhibits A-E. Andis has a reasonable apprehension of litigation in that counsel for Yesh has expressly stated that Yesh intends to file suit imminently.

10. This Court has personal jurisdiction over Yesh because, as set forth above and upon information and belief, Yesh does business in this district by targeting its sales, licensing and enforcement efforts at parties in Wisconsin and in this district, including but not limited to the attempted enforcement against Andis that gives rise to this lawsuit.

11. Venue in this district is proper under 28 U.S.C. §1400(a) in that Yesh is subject to personal jurisdiction in this district.

**Substantive Factual Allegations**

12. Andis uses a network of distributors worldwide in connection with the sale of Andis' human and animal grooming products. These distributors are independent contractors. They are not divisions or subsidiaries of Andis, and have no corporate relationship with Andis outside their distribution of Andis products.

13. One of the distributors for Andis animal grooming products in Argentina is AgroPyme SRL, which is located in Buenos Aires.

3

14. AgroPyme, like all Andis distributors, is an independent company having no corporate relationship with Andis.

15. In a letter dated May 30, 2020, but not received by Andis until June 10, 2020, Yesh accuses AgroPyme and Andis of copyright infringement and a violation of the DMCA arising out of a video advertisement entitled "*Peladora de perros cortadora canina Andis PowerGroom+*." ("the Video") *See* Ex. A.

16. The May 30, 2020 letter incorrectly refers to AgroPyme and Andis "collectively" as "Andis." As set forth above, AgroPyme is an independent company.

17. The Video was, upon information and belief, posted to AgroPyme's YouTube channel by AgroPyme in or around 2014.

18. Andis had no knowledge of the Video until reading the May 30, 2020 letter.

19. The product shown in the Video was discontinued by Andis in April, 2018.

20. Andis did not request, authorize, participate in, or have knowledge of the creation, uploading, production, distribution, display or use of the Video.

21. Andis did not request, authorize, participate in, or have knowledge of the copying, synchronization, distribution, display or use of the Work.

22. The Video was created by or on behalf of AgroPyme without any involvement by or knowledge of Andis.

### Count I: Declaratory Judgment of Non-Infringement
### (Andis Not Responsible for Alleged Infringement)

23. Andis repeats and realleges the allegations contained in paragraphs 1-22 above as if fully set forth herein.

24. Yesh has alleged in its communications to Andis and Andis' counsel that Yesh is the beneficial owner of the Work and that Andis has infringed the Work and continues to do so.

25.     Andis denies that it has infringed the Work because Andis did not request, authorize, participate in, or have knowledge of the creation, uploading, production, distribution, display or use of the Video.

26.     Andis further denies that it has infringed the Work because Andis did not copy, synchronize, distribute, display or use the Work, did not request or authorize a third party, including AgroPyme, to take such actions, and had no knowledge of any third party, including AgroPyme, taking such actions.

27.     Andis seeks a declaratory judgment that it has not infringed, and does not infringe, any of Yesh's purported rights in the Work because it did not request, authorize, participate in, or have knowledge of the creation, uploading, production, distribution, display or use of the Video, did not copy, synchronize, distribute, display or use the Work, did not request or authorize any third party to take such actions, and did not have knowledge of any third party taking such actions.

### COUNT II:  Declaratory Judgment of No Violation of the Digital Millennium Copyright Act

28.     Andis repeats and realleges the allegations contained in paragraphs 1-27 above as if fully set forth herein.

29.     Yesh has alleged in its communications to Andis and Andis' counsel that Andis violated the DMCA by removing all of the Copyright Management Information ("CMI") from the Work and/or by failing to provide attribution to Yesh for the Work.

30.     Andis denies that it has violated the DMCA because it never removed or altered any CMI from the Work, intentionally or otherwise.  Indeed, Andis did not access the Work and thus could not have removed or altered any CMI from it.

5

31. Andis further denies that it has violated the DMCA because it did not provide, distribute or alter CMI of the Work.

32. Andis further denies that it has violated the DMCA because it did not distribute or import for distribution CMI knowing that the CMI had been removed or altered or was false.

33. Andis further denies that it has violated the DMCA because it did not distribute, import for distribution, or publicly perform the Work, copies of the Work, or any phonorecord of the Work, knowing that CMI had been removed or altered.

34. Andis further denies that it has violated the DMCA because it had no knowledge, or reasonable grounds to know, that the purported removal of CMI from the Work would induce, enable, facilitate, or conceal an infringement of any right in the Work.

35. Andis denies that it has violated the DMCA or any other statute because it did not fail to provide attribution to Yesh for the Work. Andis did not create or have knowledge of the Video and thus a failure to provide attribution, if any, is not the responsibility of Andis.

36. Andis seeks a declaratory judgment that Andis did not violate the DMCA or any other statute for the reasons stated in paragraphs 30-35 above.

## DEMAND FOR JURY TRIAL

37. Pursuant to Fed. R. Civ. P. 38(b), Andis hereby demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Andis prays for the following relief:

a. A declaration that Andis has not infringed any rights in the Work;

b. A declaration that Andis has not violated the DMCA or any other statute with regard to the alleged removal of CMI and the alleged failure to provide attribution to Yesh for

the Work.

c. A declaration that Yesh is not entitled to any remedy or relief from Andis in connection with the creation, uploading, production, distribution, display or use and/or in connection with the copying, synchronizing, distribution, display or use of the Work;

d. An order under 17 U.S.C. §505 awarding Andis its costs, expenses, and disbursements incurred in this action, including reasonable attorneys' fees; and

e. Such other and further relief as this Court deems appropriate.

Dated this 26th day of June, 2020.

Respectfully submitted,

MICHAEL BEST & FRIEDRICH LLP


By: */s/ Katherine W. Schill*
Katherine W. Schill, #1025887
kwschill@michaelbest.com
790 North Water Street, Suite 2500
Milwaukee, WI 53202
Telephone: 414.271.6560
Facsimile: 414.277.0656

Attorney For Andis Company


OF COUNSEL

Jeffrey H. Brown, #6224571
jhbrown@michaelbest.com
444 West Lake Street, Suite 3200
Chicago, IL 60606
Telephone: 312.222.0800
Facsimile: 312.222.0818